# Vaughn, Appellant, *v.* Longmead Iron Works.

*Negligence—Master and servant—Tools and implements—Defect through use.*

There is no ground for an inference of negligence against an employer where tools and machinery have become defective through use, and the defects are apparent to those using them, and have not been brought to the employer's knowledge.

Argued Feb. 3, 1908. Appeal, No. 275, Jan. T., 1907, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1905, No. 112, for defendant non obstante veredicto in case of Benjamin F. Vaughn, Administrator of Elbridge E. Vaughn, deceased, v. Longmead Iron Works. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WEAND, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $4,186, upon which judgment was subsequently entered for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Montgomery Evans*, with him *John M. Dettra*, for appellant.

*N. H. Larzelere*, with him *Franklin L. Wright*, for appellee.

PER CURIAM, March 2, 1908 :

The allegation of negligence the defendant was called on to answer was that it furnished its employee with an unsafe truck with which to move iron plates from one part of its works to

another.   The proof in support of this allegation was that a nut was off a bolt which held the body of the truck to one of the axles.   Whether the overturning of the truck was due to the loss of the nut or to negligence in placing the load on one side of the truck, was left uncertain by the testimony.   But if we assume that the testimony would have warranted a finding that the accident was due to the first of these causes, the case presented was that of an employee who used, without objection, an implement that had become defective by his daily use of it.   It is not ground for an inference of negligence against an employer that tools and machinery have become defective through use, where the defects are apparent to those using them and have not been brought to the employer's knowledge: Baker v. Railroad Co., 95 Pa. 211.

The judgment is affirmed.